SAVE HAWAIILOA RIDGE ASSOCIATION, an unincorporated association, et al., Appellants-Appellees v. THE LAND USE COMMISSION OF THE STATE OF HAWAII, Appellee-Appellant

NO. 5743

MAY 12, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This case is before us on an appeal by the Land Use Commission from an order of the circuit court directing it to consider and act upon a petition filed with it by Appellees. The petition sought a change in the boundary of a land use district established pursuant to Chapter 205, HRS, by reclassifying certain property from urban to conservation. Appellees sought consideration of the petition pursuant to HRS § 205-4, which then provided that "any property owner or lessee may petition the land use commission for a change in the boundary of any district,"[1] alleging that they were property owners on the periphery of the property sought to be reclassified who had a substantial interest in how the use of such property affected their property and life styles. The

---

[1] By Act 193, Session Laws of 1975, the quoted language was amended to read "any person with a property interest in the land sought to be reclassified, may petition the land use commission for a change in the boundary of a district."

commission refused to consider the petition, for the stated reason that Appellees were not property owners or lessees of the property sought to be reclassified. Appellees then appealed to the circuit court pursuant to HRS § 91-14.

Prior to the hearing in the circuit court, the Appellee association had been incorporated, and the court refrained from determining its standing. However, the court found that Appellee Laura M. Loftus "is a property owner or lessee and resides adjacent to the slopes of Hawaii Loa Ridge", where the property sought to be reclassified is located. HRS § 205-4 was interpreted as conferring a right to petition for reclassification upon "any property owner or lessee who resides near the property sought to be changed and who could be affected by the use of the property". The court concluded that the commission should have accepted the petition filed by Appellee Laura M. Loftus "(among others)".

The term "any property owner or lessee", as used in HRS § 205-4 when this case was before the circuit court, if read literally would lead to the absurd result that persons wholly unaffected by the classification of the subject property, even those from other islands or outside of the State, would be entitled to institute proceedings to reclassify the subject property. We are not referred to any legislative history which casts light upon the intended meaning. "[A] statute may be construed contrary to its literal meaning when a literal meaning would result in an absurdity or inconsistency and the words used are susceptible of another construction which will carry out the manifest intention". *Re Castro*, 44 Haw. 455, 458, 355 P.2d 46, 49 (1960). The circuit court sought to avoid the absurdity by confining the term to any property owner or lessee who resides near the property sought to be reclassified and who could be affected by the use of the property. In our opinion, this interpretation does not resolve the difficulties and leads to results which cannot reasonably be considered to have been within the contemplation of the legislature.

The present case illustrates these difficulties. If the standing of the property owner or lessee is made to depend on the uncertain criteria of "near" and "affected", it becomes

necessary for the commission to evaluate the diminishing impact of the classification of the subject land as remoteness increases, and to appraise the possible effects of alternate land uses, preliminarily to accepting any petition filed by a person without a property interest in the land sought to be reclassified. We consider it more reasonable to assume that the legislature included in the statute the right of petition for reclassification in order to protect the direct and immediate interests of those whose land is subject to the classification which is in question, and that it was not intended that landowners who are only indirectly concerned would be able to compel continual reconsideration of existing land use classifications. Such reconsideration is mandated at five-year intervals, in all events, and the right of any landowner indirectly affected by a proposed reclassification to participate in the proceeding is protected. *Town v. Land Use Commission,* 55 Haw. 538, 524 P.2d 84 (1974).

We hold that the term "property owner or lessee" in HRS § 205-4, as it read before amendment, is to be given much the same meaning as was spelled out by the 1975 amendment, and is to be read as including only owners or lessees of the property sought to be reclassified.

The judgment of the circuit court is reversed and the case is remanded with direction to enter a judgment affirming the decision of the Land Use Commission.

*Benjamin M. Matsubara,* Special Deputy Attorney General, for Appellee-Appellant.

*Edward C. Kemper (Mattoch, Kemper & Brown* of counsel) for Appellants-Appellees.