LEILANI L. CHUN, Plaintiff-Appellant, *v.* EMPLOYEES'
RETIREMENT SYSTEM OF THE STATE OF HAWAII,
Defendant-Appellee

NO. 6185

MARCH 5, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ.*

---

*Justices Kobayashi and Kidwell, who heard oral argument in this case, retired from the court on December 29, 1978, and February 28, 1979, respectively. HRS § 602-10 (1979 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

OPINION OF THE COURT BY RICHARDSON, C.J.

Plaintiff-appellant, Leilani L. Chun, filed suit in the circuit court of the first circuit claiming certain retirement benefits were due her as the beneficiary of her deceased husband, Clarence C. K. Chun. The trial court, sitting without a jury, heard the case on stipulated facts and rendered a decision for

defendant-appellee, Employees' Retirement System of the State of Hawaii. This appeal followed.[1]

We affirm.

On March 7, 1974, Clarence Chun executed and filed an application for service retirement with the Employees' Retirement System. He was then employed in the Fire Department of the City and County of Honolulu, was over fifty-five years of age, and had about 32 years of credited service in the retirement system. In his application, Mr. Chun selected option 1 of the available retirement options[2] and designated appellant as his beneficiary. The application explained general provisions covering the retirement system and read in part, "[a]ll applications for retirement must be in the office of the Employees' Retirement System not less than thirty (30) days and not more than ninety (90) days prior to the effective retirement date." One section of the application stated "I request that my retirement allowance become effective on . . ." Mr. Chun filled in the blank with the date "April 6, 1974." On March 12, 1974, appellee notified Mr. Chun that under the option 1 benefits he had selected, he was entitled to a retirement reserve totalling approximately $152,848.00.

Clarence Chun died on March 16, 1974. After his death, appellee notified Mrs. Chun that her husband's application for service retirement was not effective because he had not survived until April 6, 1974. Instead of option 1 benefits, appellant was offered a lump sum settlement of $44,110.00 or

---

[1] The 1976 Replacement volumes of Hawaii Revised Statutes were issued after this appeal was filed. However, statutes relevant to the determination of this case remained unchanged in the 1976 Replacement volumes. Thus, all statutory cites in this opinion are to the 1976 Replacement volumes unless otherwise noted.

[2] HRS § 88-83 lists the various retirement allowance options available to a member. We note that HRS § 88-83 was amended in 1977 to provide that under certain conditions the beneficiary of a member who dies from a terminal illness within 30 days after filing an application for service retirement, may receive benefits under the option selected by the decedent. See HRS § 88-83 (1979 Supp.). We do not know whether this amendment would have provided appellant with the relief she sought if it had been applicable at the time of Mr. Chun's death and we intimate no opinion as to the matter.

option 3 "in service" death benefits[3] of an annuity of $442.00 per month. Mrs. Chun elected to receive the allowance under option 3, without prejudice to her right to claim benefits under option 1.

Appellant claims error in the lower court's finding of fact No. 10 that "Clarence C. K. Chun, the Decedent, died while in service and prior to his retirement." Appellant also alleges error in all of the lower court's conclusions of law, the most relevant of which are the following:

1. A member of the Retirement System eligible for service retirement does not retire upon the filing and execution of the application for service retirement.

2. The retirement of an eligible applicant for service retirement takes effect and he becomes a retirant on the date specified in his application, provided that such date is not less than 30 days nor more than 90 days after the execution and filing of the application.

Thus, the sole issue presented by this appeal is whether Clarence C. K. Chun retired prior to his death. For the reasons stated below, we conclude that he did not.

I.

Hawaii Revised Statutes, chapter 88, sets forth controlling provisions of the pension and retirement system for public officers and employees. HRS § 88-21 defines "service retirement" as retirement for age or length of service. The manner in which various classes of members effectuate service retirement is set forth in HRS § 88-73 which states in pertinent part:

§ 88-73 *Service Retirement.* Retirement of a member

---

[3] HRS § 88-84 provides that the spouse-beneficiary of a member who, although eligible for retirement, dies while "in service", may elect to receive benefits under option 3 of HRS § 88-83.

on a service retirement allowance shall be made by the board of trustees as follows:

> (1) Any member who has at least five years of credited service and who has attained age fifty-five or any member who has at least twenty-five years of credited service or any member who has at least ten years of credited service, including service as a judge, an elective officer, or the chief clerk and the sergeant at arms of both houses of the legislature, *may retire upon his written application to the board specifying on what date, not less than thirty days nor more than ninety days subsequent to the execution and filing thereof, he desires to be retired*. [Emphasis added.]

Appellant's basic contention is that, for purposes of the vesting of benefits, retirement occurs upon the execution and filing of an application for service retirement. Appellant argues that the "not less than thirty days nor more than ninety days" language of HRS § 88-73(1) is meant to provide a time period for administrative processing of retirement payments. Under appellant's interpretation of the statute, Clarence Chun retired on March 7, 1974 and his beneficiary is entitled to option 1 benefits.

Appellant maintains that the date specified by an applicant in the application for service retirement as the date on which the retirement allowance becomes *effective* is the date of retirement. Under the statute, such date must be "not less than thirty days nor more than ninety days subsequent to the execution and filing" of an application for service retirement. Appellee reasons that since Clarence Chun did not survive until April 6, 1974, the date he designated in his application, he had not retired and was still "in service" when he died.

This court is bound by the plain, clear, and unambiguous language of a statute. *In re the Estate of Spencer*, 60 Haw. 497, 591 P.2d 611 (1979); *In re Grayco Land Escrow, Ltd.*, 57 Haw. 436, 559 P.2d 264, *cert. den.* 433 U.S. 910 (1977); *In re Palk*, 56 Haw. 492, 542 P.2d 361 (1975); *State v. Park*, 55 Haw. 610, 525 P.2d 586 (1974). While we have sometimes construed statutory language contrary to its literal meaning when the

literal meaning would have been clearly inconsistent with the purpose of the statute and would have an absurd and unjust result, *see e.g., State v. Ogata,* 58 Haw. 514, 572 P.2d 1222 (1977); *Save Hawaii Loa Ridge Association v. Land Use Commission,* 57 Haw. 84, 549 P.2d 737 (1976); *Tangen v. State Ethics Commission,* 57 Haw. 87, 550 P.2d 1275 (1976), this is not such a case. HRS § 88-73(1) must be given effect according to its plain and obvious meaning.

It is clear on the face of the statute that retirement does not become effective merely upon the execution and filing of an application for service retirement. The statute prescribes certain steps which an applicant must take. An applicant must execute and file an application with the board of trustees and in that application must specify upon what date, not less than thirty nor more than ninety days subsequent thereto, the applicant "desires to be retired." Appellant places much emphasis on the phrase "may retire *upon* his written application" and argues that this should be interpreted to mean that retirement becomes effective upon written application to the board of trustees. However, this interpretation completely ignores the obvious meaning of the section. We hold that under the provisions of HRS § 88-73(1) an applicant for service retirement does not retire merely upon the execution and filing of an application for service retirement.

Our reading of the statute is also consistent with past administrative practice of the Employees' Retirement System. The application itself indicates that applications for retirement must be received by the Employees' Retirement System not less than thirty nor more than ninety days prior to the effective date of retirement. A booklet entitled "Your Retirement System" issued by appellee to explain the provisions of the pension and retirement law, states in part:

The benefits provided by the Retirement System . . . are not conferred automatically but must be applied for in every case.

Service retirement cannot become effective earlier than thirty days after the application is filed. (p. 30.)

Although not controlling, the uniform practical construction of a statute by those charged with carrying out the statute is entitled to much weight. *Keller v. Thompson,* 56 Haw. 183, 532 P.2d 664 (1975); *Territory v. Honolulu Rapid Transit & Land Co.,* 23 Haw. 387 (1916).

Finally, we are supported in our interpretation of the statute by the legislative history of a related provision of the public employees' pension and retirement law. HRS § 88-83 sets forth the different retirement allowance options available to a member of the retirement system. Prior to 1972, one paragraph of this section read:

> ¯*If the retirant dies within thirty days after the effective date of retirement, instead of receiving benefits under any of the modes of retirement as provided in this section, his beneficiary shall receive benefits as if death had occurred immediately prior to retirement, less any payments made to the retirant.* In the event of the death of the retirant *more than thirty days but* within one year after the date of retirement, his beneficiary may elect to receive either the death benefits under the mode of retirement selected, or in lieu thereof, such benefits as would have been paid had the retirant died immediately prior to retirement, less any payments which the retirant received. [Emphasis added.]

This paragraph was amended by Act 22, 1972 S.L.H., which deleted the portions underscored above. The first sentence of the paragraph and the phrase "more than thirty days but" from the second sentence of the paragraph were eliminated. In reporting on H.B. 1750-72, the bill which resulted in Act 22, the then existing law and the purpose of the amendment were explained by the House Committee on Public Employment as follows:[4]

---

[4] H.B. 1750-72 was amended by the House Committee on Public Employment. It was subsequently amended back by the Senate Committee on Public Employment to read as it had upon initial introduction. Neither amendment affected the intent of the original bill nor the legislature's understanding of the then existing law.

The purpose of this bill is to remedy the unfortunate situation in which an employee knowing that he has a terminal illness, cannot effectively take advantage of option one of the retirement allowances which option may be of great advantage to his beneficiary. *The present law requires a member to file an application for retirement at least thirty days prior to the effective date of his retirement and requires that he survive an additional thirty days in order for option one to be operative.* The bill in its present form eliminates completely the second thirty-day period and allows option one to be operative if any member dies within thirty days after his retirement. [Emphasis added.]

Standing Comm. Report No. 101-72, House Journal 1972, p. 674. A House Joint Select Committee also considered the bill and stated:

*Under existing law, a member would have to survive sixty days from date of filing for retirement in order for his beneficiary to become eligible for the death benefit under the plan of retirement selected by the member.* Otherwise, the member's death would be considered to be "in service" and his beneficiary would receive the return of the member's contribution plus up to one year's salary. The elimination of the subsequent 30-day waiting period would be of great advantage to the member's beneficiary. [Emphasis added.]

Standing Comm. Report No. 290-72, House Journal 1972, p. 758. Finally, the Committee on Finance reviewed the bill and reported:

Presently, under Sec. 88-83, Hawaii Revised Statutes, *a member must file an application for retirement at least 30 days prior to the effective date of retirement.* In order for his beneficiary to be eligible for the death benefit under the plan or mode of retirement selected by him, *he must survive another 30 days from the effective date of retirement.* In other words, a person, particularly with a terminal disease, *would have to survive 60 days from the date of filing in order for the survivor's benefit under the*

*plan or mode of retirement selected by him to be payable to his designated beneficiary*; otherwise, his death would be considered to be "in service" and his beneficiary would then receive the return of his contributions plus up to one year's salary. The difference in the amount of payment (particularly under Option 1) could be considerable as compared to the death-in-service benefit.

This bill, by amendment to Sec. 88-83, aforesaid, proposes to eliminate the so-called 30-day waiting period. *The initial 30-day notice for retirement will still be required,* but the subsequent 30-day waiting period following the effective date would be eliminated. [Emphasis added.]

Standing Comm. Report No. 456-72, House Journal 1972, p. 846-47.

In the Senate, H.B. No. 1750-72 was referred to the Committee on Public Employment, which reported that:

The purpose of this bill is to eliminate the additional 30-day waiting period an employee must undergo after retirement.

Your Committee finds that under the present law, *the earliest date on which retirement becomes effective is 30 days from the date of filing of application.* Further, the employee must survive an additional 30 days before the death benefit under any option becomes effective. [Emphasis added.]

Standing Comm. Report No. 696-72, Senate Journal 1972, p. 1049.

Act 22 thus eliminated the requirement that an applicant for service retirement survive for thirty days *after* retirement. However, it is clear from both the House and Senate Standing Committee Reports that the legislature recognized that the earliest date upon which retirement could become effective was 30 days from the date of the filing of an application for service retirement. It is also clear that the legislature meant to continue the initial requirement while eliminating only the 30-day survival requirement *after* retirement.

## II.

Appellant's second argument is based on Art. XVI, Section 2[5] of the Hawaii Constitution, which provides:

> Membership in any employees' retirement system of the State or any political subdivision thereof shall be a contractual relationship, the accrued benefits of which shall not be diminished or impaired.

Appellant contends that since the rights of members of the retirement system are contractual in nature, her claim should be scrutinized under principles of contract law. Basically, appellant argues that the 30 to 90-day provision of HRS § 88-73(1) is a condition precedent and that, under general contract principles, a condition should be excused if it acts as a forfeiture and its existence forms no essential part of the exchange for the promisor's performance.

This court has never been called upon to examine or construe this particular provision of the Hawaii Constitution. It was proposed from the floor of the 1950 Constitutional Convention and adopted by the Committee of the Whole. The Committee of the Whole Report states:

> It should be noted that the above provision would not limit the legislature in effecting a reduction in the benefits of a retirement system provided the reduction did not apply to benefits already accrued. In other words, the legislature could reduce benefits as to (1) new entrants into a retirement system, or (2) as to persons already in the system in so far as their future services were concerned. It could not, however, reduce the benefits attributable to past services. Further, the section would not limit the legislature in making general changes in a system, applicable to past members, so long as the changes did not necessarily reduce the benefits attributable to past services.

---

[5] Formerly Art. XIV, § 2, renumbered by Const. Con. 1978 and election Nov. 7, 1978.

Comm. of the Whole Report No. 18, Journal of the Const. Con. of 1950, p. 330. The Committee of the Whole's interpretation of the provision, which we accept, indicates that a member of the retirement system is entitled to the benefits available under the system that have been accrued by the member. From the Committee of the Whole Report, we conclude that the provision was meant to protect an employee from a reduction in accrued benefits. However, the extent of such benefits as well as the conditions under which an employee should receive benefits, are governed by applicable statutory provisions, among which is the condition expressed in HRS § 88-73(1).

We also reject appellant's contention that the "not less than thirty days nor more than ninety days" provision of HRS § 88-73(1) acts as a forfeiture. Appellant in no way forfeits what was never hers under the terms of the pension and retirement statutes. Moreover, under HRS § 88-84, the sum of any contributions made by appellant's husband to the Retirement System is payable to appellant with an additional amount equal to a full year of decedent's salary. HRS § 88-84 also gives the appellant the opportunity to elect, in lieu of a lump sum payment, an annuity of approximately $442.00 per month under option 3 of HRS § 88-83.

We have considered appellant's equal protection and other arguments and conclude that they are without merit.

Affirmed.

*George W. Brandt (Spradlin & Brandt* of counsel) for Plaintiff-Appellant.

*Nobuki Kamida,* Deputy Attorney General, for Defendant-Appellee.