220 P.3d 1043

Thomas E. FRATINARDO and Joseph Self, Jr., on behalf of themselves and a class of similarly situated persons, Plaintiffs–Appellees,

v.

The EMPLOYEES' RETIREMENT SYSTEM OF the STATE OF HAWAI'I, John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, Doe Partnerships 1–10, Doe Non–Profit Organizations 1–10, and Doe Entities 1–10, Defendants–Appellants.

No. 28283.

Intermediate Court of Appeals of Hawai'i.

Dec. 17, 2009.

Brian P. Aburano, Deputy Attorney General, State of Hawai'i, for Defendant–Appellant The Employees' Retirement System of the State of Hawai'i (Russell A. Suzuki and Diane S. Kishimoto, Deputy Attorneys General, State of Hawai'i, on the briefs).

Robert Hatch, for Plaintiffs–Appellees (Margery S. Bronster, Jeff Crabtree and Catherine Aubuchon of Bronster, Crabtree & Hoshibata, Honolulu, with him on the brief).

FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.

Opinion of the Court by LEONARD, J.

This interlocutory appeal stems from the preliminary disposition of a class-action lawsuit brought by two retired police officers, Thomas E. Fratinardo and Joseph Self, Jr. (**Plaintiffs**), on behalf of themselves and a class of similarly-situated persons, who claim that their retirement benefits were miscalculated by Defendant–Appellant Employees' Retirement System of the State of Hawai'i (**ERS**). Upon ERS's motion to dismiss for lack of subject matter jurisdiction, the Circuit Court of the First Circuit (**Circuit Court**)[1] denied ERS's request for a dismissal, but stayed the case pending a decision by the Board of Trustees of ERS (**Board**) on Plaintiffs' claims. Upon ERS's further motion, the Circuit Court reconsidered in part, clarifying that Plaintiffs' individual claims were remanded to the Board and the class action claims were stayed. The Circuit Court authorized this interlocutory review.

On appeal, ERS challenges: (1) the Circuit Court's September 13, 2006 order denying ERS's motion to dismiss for lack of subject matter jurisdiction (**Order Denying Dismissal**); and (2) the Circuit Court's October 27, 2006 order granting in part and denying in part ERS's motion for reconsideration of the Order Denying Dismissal (**Reconsideration Order**). ERS argues that the Circuit Court erred when it stayed, rather than dismissed, the case pending the Board's review of Plaintiffs' individual claims. We affirm.

## I. BACKGROUND

ERS administers a retirement and survivor benefits program for state and county employees. ERS calculates a member's retirement pension based on the member's average final compensation (**AFC**) pursuant to Hawai'i Revised Statutes (**HRS**) § 88–74.[2] Generally stated, AFC is calculated by taking an average of the member's three or five highest paid years of credited service. *See* HRS § 88–81(b) (Supp.2008).

On June 23, 2006, Plaintiffs filed a complaint on behalf of themselves and a class of similarly-situated persons, alleging that ERS wrongly based their contributions to the ERS pension fund solely on their salaries, excluding supplementary compensation received by Plaintiffs,[3] thereby under-funding

---

1. The Honorable Sabrina S. McKenna presided.

2. HRS § 88–74(a)(1) (Supp.2008) provides, in part:

 **§ 88–74 Allowance on service retirement.** (a) Upon retirement from service, a member shall receive a maximum retirement allowance as follows:

 (1) If the member has attained age fifty-five, a retirement allowance of two per cent of the member's average final compensation multiplied by the total number of years of the member's credited service as a class A and B member, excluding any credited service as a judge, elective officer, or legislative officer, plus a retirement allowance of one and one-fourth per cent of the member's average final compensation multiplied by the total number of years of prior credited service as a class C member, plus a retirement allowance of two per cent of the member's average final compensation multiplied by the total number of years of prior credited service as a class H member."

3. Plaintiffs allege that the supplementary income, such as "car allowance," "shift," "meals," "uni-

their contributions and reducing the value of their pensions. Plaintiffs prayed for special and general damages, consequential damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs. Citing Hawai'i Rules of Civil Procedure (**HRCP**) Rule 23(a) and (b)(3), Plaintiffs alleged that they were the representatives of a class consisting of Class A or B members of the ERS whose contributions to the annuity fund during their three highest paid years of service were based on less than their full compensation, with certain exclusions.

ERS answered the complaint on July 14, 2006 and filed an amended answer on July 20, 2006. Thereafter, on July 25, 2006, ERS filed a motion to dismiss for lack of jurisdiction. In the motion to dismiss, relying primarily on *Chun v. Employees' Retirement Sys. of the State of Hawai'i*, 73 Haw. 9, 13, 828 P.2d 260, 262 (1992) (***Chun I***) and *Kona Old Hawaiian Trails Group ex rel. Serrano v. Lyman*, 69 Haw. 81, 734 P.2d 161 (1987) (***Kona Old***), ERS argued that the Board has primary jurisdiction over how retirement benefits are calculated and that Plaintiffs failed to exhaust their administrative remedies.

In opposition to the motion to dismiss, Plaintiffs argued that the proper remedy was suspension, not dismissal, based on *Chun I*. Plaintiffs also argued that a stay was necessary to insure that the rights of all class members would be preserved while allowing the Board to conduct the initial review of the merits of the claims.[4]

In reply, ERS argued that, under the primary jurisdiction and exhaustion doctrines, a court may retain jurisdiction, but has the discretion to stay or dismiss the action.[5] ERS argued that dismissal was the better remedy in this case because the administrative claims formed the substance of the complaint. ERS added that Plaintiffs lacked standing because they had not yet participat-

ed in a contested case hearing, that the matter was not ripe, and that an uncertified class should not provide the basis for granting a stay.

After a hearing, on September 12, 2006, the Circuit Court entered the Order Denying Dismissal, stating that the case is stayed pending a decision by the Board on the claims raised by Plaintiffs.

On September 25, 2006, ERS filed a motion for reconsideration, arguing that in *Chun I* the supreme court did not stay the action, that more recent Hawai'i cases demonstrate that the correct remedy is dismissal, and that sovereign immunity bars Plaintiffs' claims. After Plaintiffs filed a memorandum in opposition, ERS filed a reply memorandum, and a further hearing was held. The Circuit Court then entered the Reconsideration Order, amending in part the Order Denying Dismissal and stating:

> (1) Pursuant to [*Chun I*], the claims of the individual Plaintiffs, Thomas E. Fratinardo and Joseph Self, Jr. are remanded to the [Board]; and

> (2) The purported class action issues alleged in the Complaint by Plaintiffs Thomas E. Fratinardo and Joseph Self, Jr., are stayed.

On November 22, 2006, the Circuit Court granted ERS's motion for interlocutory appeal. ERS's notice of appeal was filed on November 24, 2006.

## II. *POINTS OF ERROR*

On appeal, ERS contends that the Circuit Court erred by denying: (1) ERS's motion to dismiss; and (2) ERS's motion for reconsideration, and concluding that it retained subject matter jurisdiction over the action. ERS argues that the Circuit Court erred by staying the case and remanding it to the

---

form maintenance," or "firearm maintenance," etc., was taxable income to Plaintiffs, rather than a reimbursement for any particular expenditure and that it constituted a substantial portion of Plaintiffs' income during their three highest paid years of credited service.

**4.** *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353–54, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *American Pipe & Constr. Co. v. Utah*,

414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action).

**5.** On appeal, ERS argues that the Circuit Court lacked subject matter jurisdiction and, therefore, did not have the discretion to stay the matter.

Board because the proper remedy was dismissal.

## III. STANDARD OF REVIEW

 Whether the Circuit Court possesses subject matter jurisdiction is a question of law that we review *de novo. See, e.g., Tamashiro v. Dep't of Human Services,* 112 Hawai'i 388, 398, 146 P.3d 103, 113 (2006).

## IV. DISCUSSION

The central issue before this court is whether the Circuit Court erred in staying, rather than dismissing, Plaintiffs' class action claims. ERS argues that "[b]ecause the Board has primary jurisdiction to decide how to calculate AFC, the circuit court should have dismissed the case and allowed it to be litigated through the [HRS] Chapter 91 agency process[.]" ERS also argues that dismissal is required based on the doctrines of exhaustion of administrative remedies, standing, ripeness, and sovereign immunity. Plaintiffs agree that the Board has primary jurisdiction over their individual claims, but argues that the doctrine of exhaustion of administrative remedies does not apply to the stayed claims and that, under *Chun I* and other applicable cases, the staying of the class action claims was proper.

A. *The Primary Jurisdiction Doctrine, the Exhaustion of Administrative Remedies, and the Remedy in this Case*

In *Chun I,* a group of retired principals and vice-principals (**Chun Retirees**) instituted a class action against ERS, alleging that ERS erroneously calculated their retirement benefits by excluding their "earned summer salaries" from the calculation of the class members' AFC. *Chun I,* 73 Haw. at 10, 828 P.2d at 261. The trial court agreed with the Chun Retirees and entered summary judgment in their favor. *Id.* ERS sought reconsideration and a stay of the proceedings pending an administrative hearing; both re-

quests were denied. *Id.* at 11, 828 P.2d at 261. On appeal, ERS contended that the trial court erred in denying its motion to stay proceedings pending an administrative hearing, and thus failed to give due deference to the Board's views on the statutory scheme governing employee retirement benefits. *Id.*

Based on the doctrine of primary jurisdiction, the Hawai'i Supreme Court agreed with ERS, stating that the court's prior decisions mandated the conclusion that the administrative agency was the appropriate forum for an initial determination of the issues. *Id.* The *Chun I* court repeated its reasoning from *Hawaii Blind Vendors Ass'n v. Dept. of Human Servs.,* 71 Haw. 367, 371, 791 P.2d 1261, 1264 (1990): [6]

> Under the doctrine of primary jurisdiction, when a court and an agency have concurrent original jurisdiction to decide issues which have been placed within the special competence of an administrative agency, the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Chun I,* 73 Haw. at 12, 828 P.2d at 262 (quoting *Hawaii Blind Vendors Ass'n* ). The *Chun I* court also turned to its decision in *Kona Old,* 69 Haw. at 82, 734 P.2d at 162–63, which held that:

> the doctrine of primary jurisdiction applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under the regulatory scheme, have been placed within the special competence of an administrative body. When this happens, the judicial process is suspended pending referral of such issues to the administrative body for its views. *In effect, the courts are divested of whatever original jurisdiction they would otherwise possess, and even a seemingly contrary statutory provision will*

---

6. *Hawaii Blind Vendors Ass'n* was overruled on other grounds in *Tamashiro v. Dept. of Human Servs.,* 112 Hawai'i 388, 146 P.3d 103 (2006). In *Tamashiro,* a majority of the supreme court held that, under the federal statutory scheme applicable to blind vendors program, a federal adjudication path was the exclusive remedy and, therefore, the state circuit court lacked subject matter

jurisdiction. *Id.* at 410, 146 P.3d at 125. The court made clear, however, that *Hawaii Blind Vendors Ass'n* was overruled solely because it failed to examine the federal statutory scheme, which was dispositive in *Tamashiro,* and not based on any flaw in the prior decision's explication of the doctrine of primary jurisdiction. *Id.* at 412, 146 P.3d at 127.

*yield to the overriding policy promoted by the doctrine.*

*Chun I*, 73 Haw. at 12, 828 P.2d at 262 (quoting *Kona Old* ).

The *Chun I* court held that uniformity and consistency in the administration of the ERS system "mandate[d] suspension of the judicial process pending an initial review of the issues by the administrative body." *Id.* In response to the Chun Retirees' argument that ERS "waived" the jurisdictional issue because ERS sought a stay only after its summary judgment motion was denied, the court concluded that "[t]he stay of proceedings pending administrative review involves a jurisdictional issue which can never be waived by any party at any time." *Id.* at 13, 828 P.2d at 263 (citation omitted). The supreme court vacated the trial court's summary judgment order and remanded the case to the trial court with direction that the court remand the matter to the Board for an administrative hearing. *Id.*

The decision in *Chun I* clearly established that the doctrine of primary jurisdiction applies to claims against ERS arising out of the alleged miscalculation of retirement contributions and benefits. *Chun I* also confirmed that the primary jurisdiction doctrine applies where a court has original jurisdiction over a claim, but that deference to the administrative agency with special competence in the matter is mandated as a matter of jurisprudential policy. Thus, the trial court is "in effect" divested of jurisdiction and the judicial process is "suspended."

In *Kona Old*, the Hawai'i Supreme Court explained the difference between the doctrines of primary jurisdiction and exhaustion of administrative remedies.

Primary jurisdiction ... applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body[.]

. . . .

Exhaustion, on the other hand, comes into play where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course.

*Kona Old*, 69 Haw. at 93, 734 P.2d at 168–69 (internal quotation marks and citations omitted).

■ As recognized in the *Chun* decisions, pursuant to HRS § 661–1 (1993),[7] the Circuit Court had original jurisdiction over Plaintiffs' claims against the ERS for the miscalculation of their retirement benefits. *See, e.g., Chun v. Employees' Retirement Sys. of State of Hawai'i,* 106 Hawai'i 416, 420, 432–34, 106 P.3d 339, 343, 355–57 (2005) *(Chun IV )* (holding that sovereign immunity from post-judgment interest was not waived with respect to Chun Retirees' claims brought pursuant to HRS § 661–1). ERS has identified no authority for the proposition that the Board has exclusive, as opposed to primary, jurisdiction over Plaintiffs' claims.

Instead, ERS cites *Pele Defense Fund v. Puna Geothermal Venture,* 77 Hawai'i 64, 881 P.2d 1210 (1994), *Aha Hui Malamo O Kaniakapupu v. Land Use Commission,* 111 Hawai'i 124, 139 P.3d 712 (2006) *(Aha Hui )*, and *Hui Kako'o Aina Ho'opulapula v. Board of Land and Natural Resources,* 112 Hawai'i 28, 143 P.3d 1230 (2006) *(Hui Kako'o )*, for the proposition that dismissal, not a remand, is the proper remedy when a court lacks jurisdiction due to a failure to exhaust administrative remedies. However, these cases all

7. HRS § 661–1 provides:

§ **661–1 Jurisdiction.** The several circuit courts of the State and, except as otherwise provided by statute or rule, the several state district courts shall, subject to appeal as provided by law, have original jurisdiction to hear and determine the following matters, and, unless otherwise provided by law, shall determine all questions of fact involved without the intervention of a jury.

(1) All claims against the State founded upon any statute of the State; or upon any regula-

tion of an executive department; or upon any contract, expressed or implied, with the State, and all claims which may be referred to any such court by the legislature; provided that no action shall be maintained, nor shall any process issue against the State, based on any contract or any act of any state officer which the officer is not authorized to make or do by the laws of the State, nor upon any other cause of action than as herein set forth.

dealt with whether a circuit court had subject matter jurisdiction to review a particular administrative action under HRS § 91–14(a).[8] They are, therefore, distinguishable.

■ In *Pele Defense Fund*, the jurisdictional issues were whether certain administrative hearings were "contested cases" within the meaning of HRS § 91–14(a) and whether the appellees who sought circuit court review of the agency's decision had standing to seek that review. 77 Hawai'i at 68, 881 P.2d at 1214. The circuit court had denied a motion to dismiss for lack of subject matter jurisdiction. *Id.* at 66, 881 P.2d at 1212. The supreme court affirmed in part and vacated and remanded in part, holding that the agency proceeding had been a contested case, but that some of the appellees had not sufficiently participated in the contested case and were, therefore, precluded from seeking judicial review under HRS § 91–14(a). *Id.* at 68, 71–72, 881 P.2d at 1214, 1217–18. Thus, the issue in *Pele Defense Fund* was whether the appellees' appeal to the circuit court should have been dismissed for failure to meet the requirements of HRS § 91–14(a) and not whether the circuit court had original, concurrent jurisdiction over the matter. When, as in *Pele Defense Fund*, a circuit court has *no* jurisdiction over a matter, dismissal is the only proper remedy. *Id.* at 69 n. 10, 881 P.2d at 1212 n. 10.[9] That does not answer the question of whether dismissal is the only proper remedy when, as in this case, a circuit court has original, concurrent jurisdiction, but an administrative agency has primary jurisdiction.

Similarly, in *Aha Hui*, the supreme court affirmed a circuit court's dismissal of an appeal brought pursuant to HRS § 91–14(a) for lack of subject matter jurisdiction because the administrative decision appealed from was not a contested case hearing. *Aha Hui*, 111 Hawai'i at 134, 139 P.3d at 722. Under those circumstances, which are inapposite to the procedural posture of this case, the supreme court reiterated that the circuit court "could do nothing but dismiss the appeal." *Id.* at 136, 139 P.3d at 724 (citing *Pele Defense Fund*, 77 Hawai'i at 69 n. 10, 881 P.2d at 1212 n. 10). Likewise, in *Hui Kako'o*, the supreme court affirmed the dismissal of an HRS § 91–14(a) appeal to the circuit court for lack of subject matter jurisdiction because the matter appealed from was not a contested case hearing. *Hui Kako'o*, 112 Hawai'i at 31, 143 P.3d at 1233.

ERS asks this court to extend the bright-line, dismissal-only, rulings from jurisdictionally-deficient HRS § 91–14(a) appeals to a primary jurisdiction case in which a circuit court has original jurisdiction. We decline to do so. The supreme court's decisions in *Chun I* and *Kona Old*, like the federal case law underlying the decisions, speak in terms of a suspension of the judicial process, not necessarily a dismissal in every instance. The United States Supreme Court has explained that when the doctrine of primary jurisdiction applies to a case, the court "has discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice." *Reiter v. Cooper*, 507 U.S. 258, 268–69, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993). The Circuit Court of Appeals for the Ninth Circuit recently described the proper, alternative remedies in primary jurisdiction cases as follows:

> provide a contested case hearing directly contradicts the proper finding of a lack of jurisdiction in [an HRS § 91–14(a) appeal]. Jurisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction-or that any other courts previously considering the case lacked jurisdiction-shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further.
>
> *Pele Defense Fund*, 77 Hawai'i at 69 n. 10, 881 P.2d at 1212 n. 10.

---

8. HRS § 91–14(a) provides:

 Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending an entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law.

9. The supreme court noted:

 Lacking jurisdiction, the circuit court could do nothing but dismiss the appeal. Requiring a remand to the [agency] with instructions to

The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency. A court's invocation of the doctrine does not indicate that it lacks jurisdiction. Rather, the doctrine is a "prudential" one, under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch.

*Clark v. Time Warner Cable,* 523 F.3d 1110, 1114 (9th Cir.2008) (internal citations and quotation marks omitted).

In *Jou v. Nat'l Interstate Ins. Co. of Haw.,* 114 Hawai'i 122, 128–29, 157 P.3d 561, 567–68 (App.2007) (footnote, internal quotation marks, and some parallel citations omitted), this court recognized the trial court's discretion in fashioning an appropriate remedy when applying the primary jurisdiction doctrine:

The primary jurisdiction doctrine applies to a claim that is originally cognizable in the courts but which requires the resolution of issues that are within the special competence of an administrative agency. *Reiter v. Cooper,* 507 U.S. 258, 268[, 113 S.Ct. 1213, 122 L.Ed.2d 604] (1993); *Aged Hawaiians v. Hawaiian Homes Comm'n,* 78 Hawai'i 192, 202, 891 P.2d 279, 289 (1995). This doctrine allows the court to refer an issue to the administrative agency before proceeding with the suit. *Syntek Semiconductor Co. v. Microchip Technology, Inc.,* 307 F.3d 775, 782 n. 3 (9th Cir. 2002). The United States Court of Appeals for the Fifth Circuit has articulated the following criteria for determining when courts should apply the primary jurisdiction doctrine:

(1) the court has original jurisdiction over the claim before it; (2) the adjudication of that claim requires the resolution of predicate issues or the making of preliminary findings; and (3) the legislature has established a regulatory scheme whereby it has committed the resolution of those issues or the making of those findings to an administrative body.

*Northwinds Abatement, Inc. v. Employers Ins. of Wausau,* 69 F.3d 1304, 1311 (5th Cir.1995).

Under the primary jurisdiction doctrine, the court may stay the proceedings while an administrative agency decides predicate issues necessary to adjudicate a bad faith claim. *See Reiter,* 507 U.S. at 268[, 113 S.Ct. 1213]. This procedure avoids the danger that the statute of limitations on the bad faith tort claim may run before the administrative agency decides the predicate issues. For example, a two-year statute of limitations generally applies to tort actions in Hawai'i. *See* HRS § 657–7 (1993). Dr. Jou argues that if he was required to resolve disputes over payment through proceedings with the Director before filing suit on a bad faith tort claim, the statute of limitations may run before he could file suit.

Staying the proceedings conserves scarce judicial resources by allowing an administrative agency with expertise to decide the predicate issues. The agency's resolution of the predicate issues may reveal that there is no basis for a bad faith claim or may satisfy the plaintiff and obviate his or her need to further pursue the bad faith claim. Here, assuming Dr. Jou could sue for bad faith, the question of whether Dr. Jou was entitled to payment for his massage therapy services would be a necessary factual predicate to a decision by the circuit court on whether National acted unreasonably or in bad faith in its denial of and delay in payment. Dr. Jou's entitlement to payment for massage therapy services is a question that falls squarely within the special competence of the Director, and the Director has a dispute resolution process to address this type of question. *See* Hawai'i Administrative Rules (HAR) § 12–15–94(d).

A trial court has discretion in fashioning an appropriate remedy when applying the primary jurisdiction doctrine. As an alternative to staying the proceedings pending administrative resolution of predicate issues, the court has the discretion to dismiss the case without prejudice. *Reiter,* 507 U.S. at 268–69[, 113 S.Ct. 1213]. However, dismissal is an appropriate remedy

only if the parties would not be unfairly disadvantaged. *Id.* at 268[, 113 S.Ct. 1213]. In Dr. Jou's case, the circuit court did not consider whether Dr. Jou would be unfairly disadvantaged by the dismissal because it held, incorrectly, that dismissal was required on jurisdictional grounds for failure to exhaust administrative remedies.

In deciding whether to stay a proceeding rather than dismiss it, some federal courts have also found a statute of limitation constitutes a disadvantage to a party. "We note that because the two-year statute of limitations for [the party's] federal action has expired, [the party] may be 'unfairly disadvantaged' in the event the district court does not retain jurisdiction pending resolution by the [agency]." *Brown v. MCI WorldCom Network Servs., Inc.,* 277 F.3d 1166, 1173 (9th Cir.2002).

■ This is precisely the unfair disadvantage that Plaintiffs argued would result from a dismissal, rather than a stay, in this case. Plaintiffs filed a class action at least in part for the purpose of preserving the class members' interests during the pendency of the individual Plaintiffs' administrative proceedings. Upon the filing of an action pled as a class action, the statute of limitations is tolled for all class members. *See, e.g., American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 551–52, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) ("the commencement of the [class] action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs"). While HRCP 23 provides a mechanism for pleading a class action in the Circuit Court, there is no comparable rule applicable to a contested case hearing before the Board. *See* HAR §§ 6–23–1 to 6–23–24 (re contested case hearings before the Board).

For these reasons, we reject ERS's argument that dismissal was required on jurisdictional grounds for failure to exhaust administrative remedies. In this case, which is subject to the doctrine of primary jurisdiction, the Circuit Court did not abuse its discretion in staying, rather than dismissing, the class action pending administrative review of Plaintiffs' individual claims.

## B. *ERS's Other Arguments*

ERS also argues that Plaintiffs lack standing, their claims are not ripe, and that sovereign immunity bars Plaintiffs' claims. These arguments also fail, in large part because they all stem from the prior argument that the Circuit Court did not have original, concurrent, subject matter jurisdiction over Plaintiffs' claims.

■ Citing *Chun I* and *Pele Defense Fund,* ERS contends that Plaintiffs lack standing because Plaintiffs failed to go through a contested case proceeding, ergo, Plaintiffs do not have standing to challenge the administrative agency's decision in court. If the Board had exclusive, original jurisdiction over Plaintiffs' claims, this argument would be persuasive. However, as we have determined that the Circuit Court had original subject matter jurisdiction, which was necessarily suspended pursuant to the primary jurisdiction doctrine, we conclude that standing is not a bar to the Circuit Court's jurisdiction.

■ As ERS points out, the ripeness doctrine dictates that a court should "reserve judgment upon a law pending concrete executive action to carry its policies into effect." *Save Sunset Beach Coal. v. City and County of Honolulu,* 102 Hawai'i 465, 483, 78 P.3d 1, 19 (2003) (citation omitted). This prudential doctrine is intended to prevent courts from "entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized." *Id.* The Circuit Court's stay of the class action does not violate this rule of judicial self-governance. *See id.* The Circuit Court has not rendered any decision regarding Plaintiffs' claims prematurely. The Circuit Court has remanded Plaintiffs' individual claims to the Board and has stayed the class action pending ERS's resolution of the individual claims. No action will be taken by the Circuit Court until an administrative decision has been rendered. Therefore, we conclude that Plaintiffs' claims need not be dismissed based on the ripeness doctrine.

Finally, ERS argues that Plaintiffs' claims are barred by sovereign immunity. The first prong of this argument is that, if Plaintiffs do

not have standing and the claims are not ripe, the Court does not have jurisdiction under HRS Chapter 661. As we have rejected the bases for this argument, this contention fails as well. Next, ERS argues that, upon the filing of a petition to the Board for a contested case hearing on Plaintiffs' individual claims, Plaintiffs' class action claims are in violation of HRS § 661–3 (1993). HRS § 661–3 provides:

§ **661–3 No jurisdiction, when.** No person shall file or prosecute under this chapter any claim for or in respect to which he or any assignee of his has pending an action against a person who, at the time when the claim alleged in the action arose, was, in respect thereto, acting or professing to act, directly or indirectly, under the authority of the State.

This court previously addressed a similar argument in *Marshall v. Univ. of Hawai'i*, 9 Haw.App. 21, 30, 821 P.2d 937, 943 (1991), *abrogated on other grounds by Hac v. Univ. of Hawai'i*, 102 Hawai'i 92, 73 P.3d 46 (2003). In *Marshall*, an assistant professor brought a single lawsuit against the University of Hawai'i and a university official. *Id.* The University of Hawai'i argued that HRS § 661–3 precluded the trial court from having jurisdiction. *Id.* This court disagreed and stated that "the plain language of the statute merely precludes an action against the state where the plaintiff already has an action pending against any person who at the time the claim allegedly arose acted or professed to act, directly or indirectly, under the state's authority." *Id.*

In this case, Plaintiffs have not filed a lawsuit against the State while there is a pending action against a person acting under state authority. Instead, Plaintiffs have brought individual and class action claims against only ERS. HRS § 661–3 does not bar the Circuit Court from having jurisdiction.

■ Finally, ERS argues that the legislature has not clearly and unequivocally waived its sovereign immunity for claims against the State founded upon a statute, within the meaning of HRS § 661–1. *See* HRS § 661–1

(allowing suit against the State for claims "founded upon any statute of the State" or "upon any contract, express or implied, with the State"). As noted above, *Chun IV* recognized the jurisdiction of the circuit courts in claims against the ERS for miscalculation of retirement benefits, pursuant to HRS § 661–1. *Chun IV* did not explain whether a circuit court's jurisdiction over such claims is founded upon statute or contract. HRS Chapter 88, however, clearly creates a "money mandate" which allows suit for failure to make the payments due for benefits accrued by members of the ERS system pursuant to the statutory scheme. *See Garner v. State, Dept. of Ed.*, 122 Hawai'i 150, 223 P.3d 215, 2009 WL 3491706 (App.10/30/09). HRS § 88–74(a), for example, provides: "Upon retirement from service, a member *shall receive* a maximum retirement allowance as follows ...." (Emphasis added).

Indeed, article XVI, § 2 of the Hawai'i Constitution provides:

Membership in any employees' retirement system of the State or any political subdivision thereof shall be a contractual relationship, the accrued benefits of which shall not be diminished or impaired.

While the accrual and extent of an employee's benefits are governed by the applicable statutory provisions, the duty of the ERS to pay accrued benefits is deemed to be contractual.[10] Thus, a circuit court's HRS § 661–1(1) jurisdiction over such claims is "founded upon contract," as well as statute. We conclude that the Circuit Court did not err in rejecting ERS's contention that Plaintiffs' claims were barred by sovereign immunity.

## V. CONCLUSION

For the foregoing reasons, we affirm the Circuit Court's September 13, 2006 Order Denying Dismissal, as amended by the October 27, 2006 Reconsideration Order.

---

**10.** *Cf. Leilani Chun v. Employees' Retirement Sys. of the State of Hawaii*, 61 Haw. 596, 605–06, 607 P.2d 415, 421 (1980) (unrelated to *Chun I* through *Chun IV*) (holding that the constitutional provision was intended to protect an employee

from a reduction in accrued benefits, but that extent and condition of benefits was determined by the applicable statutory provisions rather than general principles of contract law).