WILLIAM C. MEYER, ET AL. *v.* TERRITORY OF HAWAII.

No. 2426.

ARGUED APRIL 28, 29, 1942.     DECIDED JUNE 1, 1942.

PETERS AND LE BARON, JJ., AND CIRCUIT JUDGE MCLAUGHLIN IN PLACE OF KEMP, C. J., DISQUALIFIED.

OPINION OF THE COURT BY CIRCUIT JUDGE McLAUGHLIN.

This cause reaches this court by way of exceptions taken by plaintiffs-appellants, pursuant to section 3530, Revised Laws 1935, to a judgment entered below in favor of the Territory, the defendant-appellee. Section 3593, Revised Laws 1935, confers jurisdiction upon this court to determine the questions thus posed.

The record reveals that appellants, predicating their action upon section 4420, Revised Laws 1935, permitting suits against the Territory upon implied contracts with it, instituted suit in the court below to recover from the appellee the value of their private property claimed to have been taken by appellee for public use, within the meaning of the Fifth Amendment, without just compensation.

To an amended complaint the appellee interposed a demurrer which was overruled. Thereafter appellee took exception to the ruling and then filed a general denial.

The record and the positions which the parties have taken in this and in the court below disclose the undisputed facts and contentions to be these: The appellants are the owners of lands known by the name of "Kahanui" situated in a mountainous section of the Island of Molokai, south of the District of Kalawao. Adjoining the appellants' lands are the lands of Kalamaula and Makanalua, which are owned by the appellee. In 1924 the Hawaiian Homes Commission constructed a tunnel in Waihanau Valley to take water to one of its homestead projects. The appellants assert that the intake of this tunnel is located upon their lands of "Kahanui," the description of which reads in part, "thence around the head of Waihanau and Waialeia Valleys to the government survey station Kaluahauoni." (Grant 3437.)

Upon this major contention appellants then proceed to claim that the water originating at the tunnel intake is theirs; that appellee has taken it for public use and

without compensation for two years next preceding the filing of this suit, and hence upon principles of implied contract must pay the just and reasonable value thereof. Appellee maintains here, as it did below, that the course of "Kahanui," above referred to, does not include the land upon which the tunnel intake is located. Indeed, appellee throughout this case contends, as it did in 1924 (when the tunnel was built), and prior thereto, that the disputed land was inside the bounds of its property. The issue of title to the land involved which thus arose below was by stipulation heard separately and in advance of other issues. The trial court decided that this land was within appellee's bounds, and therefore no further proceedings were had as the other issues became moot. Judgment was entered in appellee's favor, and appellants, as has been observed, come here upon exceptions to the interlocutory decision and final judgment of the trial court.

Appellants recognize in their complaint that if they are to recover upon the facts pleaded, it is upon a contract implied in fact.

Section 4420, Revised Laws 1935, sets forth the exclusive conditions under which the Territory has consented to be sued. (*Kinney* v. *Territory,* 34 Haw. 213, 215.) As noted in *Bush* v. *Territory,* 13 Haw. 1, 3, section 4420 is our Tucker Act (28 U. S. C. sec. 250), along the lines of which it was modeled. By its terms our circuit courts are given original jurisdiction to hear and determine "all claims against the Territory founded upon * * * any contract, expressed or implied * * *." To invoke the circuit court's jurisdiction under this statute upon allegations of implied contract, the contract must, as appellants concede, be one implied in fact and not in law. (*United States* v. *Minn. Investment Co.,* 271 U. S. 212, 217; *Goodyear Co.* v. *United States,* 276 U. S. 287, 293.) Suits which sound in

tort are not afforded a remedy by section 4420. (*Tempel v. United States,* 248 U. S. 121.)

Appellants seek to bring themselves within the well settled rule that "Whenever in the exercise of its governmental rights it [the government] takes property, the ownership of which it concedes to be in an individual, it impliedly promises to pay therefor." *United States* v. *Lynah,* 188 U. S. 445, 465.

Before we can consider appellants' exceptions, the question, "Did the Circuit Court have jurisdiction?" must be answered. The question was not squarely raised below and but indirectly raised here by appellee. In response to the direct question above stated by this court, the parties filed memoranda. The lack of jurisdiction over the subject matter cannot be waived by the parties. Indeed, if the parties do not raise the question, a court *sua sponte* will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid. Such a question is in order at any stage of the case, and though a lower court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction. (*United States* v. *Corrick,* 298 U. S. 435, 440, and cases therein cited.)

Here appellants' assertion of title to the land involved was put squarely in issue. At no time did appellee acknowledge title thereto to be in appellants. The complaint in no way alleges, nor does the plea admit, that the appellee in any way had ever recognized the appellants to be the owners of the area of land in dispute. Indeed, the particular stipulation under which the parties endeavored to first try the question of title to the disputed area of land shows conclusively that appellee had and did below claim title to the property. The jurisdictional question here presented must be answered in the negative when

measured by *Tempel* v. *United States,* 248 U. S. 121, 130, 131, wherein it is said: "It is unnecessary to determine whether this claim of the Government is well-founded. The mere fact that the Government then claimed and now claims title in itself and that it denies title in the plaintiff, prevents the court from assuming jurisdiction of the controversy. The law cannot imply a promise by the Government to pay for a right over, or interest in, land, which right or interest the Government claimed and claims it possessed before it utilized the same. If the Government's claim is unfounded, a property right of plaintiff was violated; but the cause of action therefor, if any, is one sounding in tort; and for such, the Tucker Act affords no remedy. * * * The facts preclude implying a promise to pay. If the Government is wrong in its contention, it has committed a tort. The United States has not conferred upon the District Court jurisdiction to determine such a controversy. See *Cramp & Sons* v. *Curtis Turbine Co.,* 246 U. S. 28, 40-41."

Judgment reversed and cause remanded to circuit court with directions to dismiss the same unless plaintiffs establish jurisdiction of subject matter.

*P. Cass* (Cass & Silver on the briefs) for plaintiffs-appellants.

*G. P. Kimball* (J. V. Hodgson, Attorney General, and G. P. Kimball on the briefs) for the Territory, defendant-appellee.