In the Matter of the Application of ARTHUR HYDE RICE to register and confirm title to land situate in Kailua, District of Koolaupoko, Oahu, City and County of Honolulu, State of Hawaii

NO. 10413

(APPLICATION NO. 495)

FEBRUARY 3, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Appellees Richard A. Breton and Margaret Mary Breton, as Sellers, filed a petition in the land court against Appellant Central Pacific Supply Corporation (hereinafter "CPS"), as Buyer, seeking to cancel the Agreement of Sale of a leasehold interest and for damages. The Bretons alleged that CPS had breached the Agreement by defaulting on the payment due thereon and by vacating the premises. CPS timely answered the complaint and counterclaimed against the Bretons for the breach of the Agreement and sought a rescission of the Agreement and damages. The land court, after trial, found in favor of the Bretons against CPS on both the complaint and the counterclaim. Thereafter, CPS filed a motion to set aside the findings of fact, conclusions of law and judgment, and to set the matter for a jury trial. The land court denied the motion, and CPS filed timely notices of appeal.

I.

In answer to the Bretons' petition to cancel Agreement of Sale, one of CPS's defenses was that the land court lacked jurisdiction over the subject matter of the petition. The land court, after trial, concluded that it had "jurisdiction of the parties and this cause of action."

Although the issue of jurisdiction of the land court over the subject matter was not questioned at the trial level nor raised in this appeal, we hold, *sua sponte,* that the land court lacked jurisdiction over the subject matter of the Bretons' petition.

"The lack of jurisdiction over the subject matter cannot be waived by the parties." *Meyer v. Territory,* 36 Haw. 75, 78 (1942). If the parties do not raise the issue, "a court *sua sponte* will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid." *Id.* at 78; *see also O'Daniel v. Inter-Island Resorts,* 46 Haw. 197, 377 P.2d 609 (1962). "Such a question is in order at any stage of the case, and though a lower court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction." *Meyer v. Territory,* 36 Haw. at 78 (citation omitted).

II.

The land court derives its jurisdiction from section 501-1 of the Hawaii Revised Statutes (HRS).[1] "The land court is a court of limited jurisdiction, created for a special purpose, that of carrying into effect what is known as the Torrens title scheme, derives all of its power from the statutes relating to it, and can exercise no power not found within those statutes." *In Re Rosenbledt,* 24 Haw. 298, 308 (1918), *modified on*

---

[1] HRS § 501-1 in relevant part reads:

A court is established, called the land court, which shall have exclusive original jurisdiction of all applications for the registration of title to land and easements or rights in land held and possessed in fee simple within the State, with power to hear and determine all questions arising upon such applications, *and also have jurisdiction over such other questions as may come before it under this chapter,* subject to the rights of appeal under this chapter. The proceedings upon the applications shall be proceedings in rem against the land, and the decrees shall operate directly on the land and vest and establish title thereto. (Emphasis added.)

*other grounds,* 25 Haw. 561 (1920).

The Bretons' petition to cancel the Agreement of Sale and for damages and CPS's counterclaim for rescission of the Agreement and for damages are both causes of action arising out of alleged breaches of the Agreement. Both are breach of contract actions over which the land court does not have jurisdiction under any of the provisions of chapter 501 of the Hawaii Revised Statutes, as amended.

The judgment of the land court is void for lack of jurisdiction. This appeal is dismissed.

*James E. Ross* (*Morse, Nelson & Ross*) for Respondent-Appellant.

*Yuriko J. Sugimura* (*Jay M. Fidell* with her on the brief; *Bendet, Fidell & Sakai*) for Petitioners-Appellees.