HAWAII BLIND VENDORS ASSOCIATION, WALTER ISHIKAWA, CHARLOTTE KAUHANE, ESROM NIHOA, YOSHIKO NISHIHARA, MIRIAM ONOMURA, CLYDE OTA, ALICE SCHAAR, WARREN TOYAMA, FILO TU and JEANETTE TU, Plaintiffs/ Counter–Defendants–Appellants, v. DEPARTMENT OF HUMAN SERVICES, State of Hawaii; WINONA E. RUBIN, in her capacity as Director, Department of Human Services, State of Hawaii; DEPARTMENT OF TRANS-PORTATION, State of Hawaii; EDWARD Y. HIRATA, in his capacity as Director, Department of Transportation, State of Hawaii, Defendants–Appellees, and MAKA'ALA, INC., a Hawaii non–profit corporation, Defendant/Counter–Claimant–Appellee

NO. 13747

(CIV. NO. 81236)

MAY 3, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED JUSTICE
NAKAMURA, ASSIGNED BY REASON
OF VACANCY*

## OPINION OF THE COURT BY LUM, C.J.

Appellants, beneficiaries of a program assuring that priority is given to the blind and visually handicapped in the establishment of vending operations in public buildings, brought this action in the circuit court claiming violations of the substantive and procedural law governing the program. The circuit court granted summary judgment against Appellants' claims. We reverse and remand to the circuit court with the direction that the court remand to the involved agency for an administrative hearing.

---

* Retired Justice Nakamura heard oral argument in this case pursuant to a general order temporarily assigning him to a vacancy on the court. The vacancy was filled on March 9, 1990, upon the swearing in of Justice Moon. Hawaii Revised Statutes § 602–10 provides:

> After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of this court without filling the vacancy or the place of such justice.

**Opinion of the Court**

I.

Since 1937, Hawaii law has provided for the blind to operate vending facilities in public buildings. In 1981, the Department of Human Services (DHS) was given administrative responsibility for adopting rules and implementing the program assuring the blind and visually handicapped priority in the allocation of vending facilities in public buildings.[1] Pursuant to this power, the DHS adopted Hawaii Administrative Rules (HAR) § 17–402–17 governing the vending facility program. The rule provides, inter alia, for announcing vacancies to qualified blind persons and for providing such persons the opportunity to apply for such vacancies.[2]

---

[1] The law, Hawaii Revised Statutes (HRS) § 102–14 (1985), reads in part:

**§ 102–14 Use of public buildings by blind or visually handicapped persons.** (a) For the purpose of providing blind or visually handicapped persons, as defined in sections 235–1, 347–1, and 347–2 with remunerative employment, enlarging their economic opportunities and stimulating them to greater efforts in striving to make themselves self–supporting, blind or visually handicapped persons registered by the department of social services and housing under section 347–6 and issued permits under subsection (c) shall be authorized to operate vending facilities and machines in any state or county public building for the vending of newspapers, periodicals, confections, tobacco products, foods, beverages, and such other articles or services prepared on or off the premises in accordance with all applicable laws.

(b) The department of social services and housing, after consultation with authorities responsible for management of state or county public buildings, shall adopt rules in accordance with chapter 91, necessary for the implementation of this section, including, but not limited to rules to assure that priority be given to registered blind or visually handicapped persons in the operation of vending facilities in state or county public buildings and to establish, whenever feasible, one or more vending facilities in all state and county public buildings.

[The name of the department of social services and housing was changed to the department of human services by Act 339 of the 1987 Session Laws of Hawaii.]

[2] HAR § 17–402–17(e)(1) says that the program shall select and appoint vendors by:

## II.

In 1970, before the enactment of the current statute or regulations, it was decided to expand the blind vendor program to the Honolulu International Airport. Because the blind vendors were unable to provide enough trained vendors, supervision or capital, Makaʻala, Inc., a Hawaii non–profit corporation, was formed as an alternative. Makaʻala gives employment preferences to handicapped people. All of its employees are handicapped. The employees' handicaps include blindness, deafness, mental illness, cerebral palsy, quadriplegia, and orthopedic knee and foot disability. Since 1971, the Department of Transportation, at the direction of DHS, has leased space at the airport to Makaʻala for a retail concession.

Despite the language of the current statute and its own rules, DHS decided to renew Makaʻala's airport lease effective February 1, 1984. No notice of vacancy or opportunity to apply for the concession was given to the blind vendors. The renewal of Makaʻala's lease raises questions of the legality of DHS's action under the statutory and administrative rules: Does the program give priority to the blind over other handicapped people? Can Makaʻala be considered a qualified blind person? Was notice of vacancy and an opportunity to submit an application for airport concessions required to be given by DHS to all qualified vendors?

## III.

The DHS contends that these and other involved issues could have been brought exclusively through a DHS administrative hearing. DHS argues that persons who can present their claims for an

---

Announcing vending facility vacancies to qualified blind persons, within a reasonable period, as determined by the department, to provide all such persons the opportunity to submit applications for such vacancies.

administrative hearing and obtain subsequent HRS § 91–14 circuit court appellate review must follow this process and cannot bring an original action in the circuit court for injunctive and declaratory relief. However, we need not decide this issue. Under the doctrine of primary jurisdiction, when a court and an agency have concurrent original jurisdiction to decide issues which.have been placed within the special competence of an administrative agency, the judicial process is suspended pending referral of such issues to the administrative body for its views. *Kona Old Hawaiian Trails Group v. Lyman*, 69 Haw. 81, 93, 734 P.2d 161, 168 (1987). Thus, the DHS agency process, if available, is the appropriate forum for an initial determination of the issues raised in this case.

We believe an agency hearing is available and disagree with DHS's contention that Appellants are now time barred under HAR § 17–400–4(2)(G) because they failed to request an agency full and fair hearing within 90 days of receiving an adverse decision in the informal administrative review. For a number of reasons this case should not be time barred at the agency level.

## A.

The 90 day time bar of HAR § 17–400–4(2)(G) should not even apply. Section 17–402–17 regulates the blind vendor program,[3] and the statute creating the blind vendor program, HRS

---

[3] HAR § 17–402–17(j) governs DHS handling of vendor complaints. It reads:

Evidentiary hearings and arbitration of vendor complaints shall be provided for in the following manner:

(1) Each vendor shall have the right and opportunity to assert claim and to secure, in an informal administrative proceeding, review of a grievance or dissatisfaction with a decision made or action taken. This shall be in accordance with the State's vocational rehabilitation rules and standards.

§ 102–14, is listed as an authorizing statute.    Section 17–400–4 regulates the state's vocational rehabilitation program, and the statute creating the blind vendor program is not listed as an authorizing statute.  Although the part of the blind vendor rules that governs informal review of grievances makes specific reference incorporating the relevant vocational rehabilitation rules, there is no similar incorporation in the part of the blind vendor rules that govern a full and fair hearing.  In fact, the blind vendor full and fair

---

(2)    Each vendor or personal representative or next of kin shall be given an opportunity for a full and fair hearing if vendor is dissatisfied with any action arising from the operation or administration of the vending facility program.  Such requests for a hearing shall be submitted in writing to the director.

Section 17–402–17(j)(1), above, governing the informal proceeding incorporates the state's vocational rehabilitation rules.  The relevant portion of this rule, § 17–400–4(e), reads:

Applicants and clients shall be informed of their rights and opportunity for recourse in situations of dissatisfaction, differences or discrimination.  Such information shall be provided early in the orientation of applicants or clients to the VR program and when a grievance or impasse is encountered.  Informal and formal procedures shall be reviewed and help offered to make necessary arrangements.

(1)    Administrative review shall be an informal procedure which may include the applicant or client or representative, conducted by supervisory or administrative staff, or both, of the division at the request of the applicant or client or the client's parent, guardian or representative.  This request may be made orally or in writing.

(A) The division administrator shall make the final decision if the applicant or client is not satisfied with the decision of other supervisory or administrative reviews.

(B) The administrative review shall be held during division work hours and located at a district or local office or at other mutually–agreed–upon time and place.

(C) Documentation of written or oral requests and actions and decisions resulting from the applicant or client's request for review shall be entered in the individual's case record.

(D) Interpreter or reader services shall be arranged, as needed for applicants and clients who are not English–speaking or who are deaf and blind.

hearing rules and the vocational rehabilitation rules conflict. The blind vendor rule requires requests for a full and fair hearing to be in writing while the vocational rehabilitation rules allow such requests to be made either orally or in writing.

B.

The process which the DHS claims to be an administrative review began when Esrom Nihoa, as Chairman of the Hawaii State Committee of Blind Vendors,[4] wrote to the DHS by letter dated December 23, 1983, inquiring on behalf of five of the individual Appellants why no announcement of vacancies and opportunity to apply for airport vending space had been made. The letter said that the vendors believed that the DHS had already decided to allow Maka'ala to continue its airport vending operation. The Committee's letter requested an administrative review pursuant to § 17–402–17. A follow–up letter of January 19, 1984, was sent making the same inquiries and allegations and naming the remaining five individual Appellants as bringing complaints.

The DHS, in the person of administrator Toshio Nishioka, responded by letter dated January 19, 1984. Nishioka's letter said that Maka'ala would be allowed to continue at the airport location and that there was no vacancy. The letter went on to express the hope that all grievances were satisfied by the letter and said if the vendors were not satisfied, they could request a fair hearing under § 17–400–4(2) of the State's vocational rehabilitation rules.

---

[4] The Hawaii State Committee of Blind Vendors is organized, pursuant to the DHS rules, to represent the vendors in the program.

In her affidavit, Appellant Charlotte Kauhane, the designated recipient of the DHS correspondence to the Committee, stated that between January 2, 1984, and June 1984, she received no word from DHS regarding the status of the grievance. Apparently responding to a telephone inquiry, a copy of Mr. Nishioka's January 19 letter was sent to Kauhane along with a cover letter dated June 26, 1984.

In the meantime, Appellants commenced this action in the circuit courts. The complaint was filed on January 23, 1984.

On September 25, 1984, Plaintiffs requested DHS's full and fair hearing procedure. The record contains no agency response to this request.

Before a right to relief is barred because of the failure to seek administrative full and fair hearing, the agency process ought to be of such a nature as to impress fully upon the litigant the opportunity for recourse it supplies and the consequence of failure to seek such recourse. The process in the present case was not of such a nature. The Committee, on behalf of the Appellants, not the individual Appellants themselves, requested a review of grievances. Nishioka's letter should not by itself be able to constitute an informal administrative review, as the rules imply a hearing at which parties participate and are physically present. In addition, under the rules there is no reason to think that one informal procedure precludes conducting another on the same issues when appropriate.

## C.

Finally, we hold, in the alternative, under the facts of this case, that the 90 day limitations period, if applicable, was tolled by the filing of the instant action in the circuit court. *Cf. Bowen v. City of New York*, 476 U.S. 467 (1986).

Reversed and remanded to the circuit court with directions to remand to the DHS for an agency full and fair hearing.

*Evan R. Shirley* for Appellants.

*Thomas D. Farrell,* Deputy Attorney General, for Appellees of the State of Hawaii.

*Leroy E. Colombe (William H. Dodd* with him on the brief) for Appellee Maka'ala, Inc.