MICHAEL A. S. CHUN, GLADYS FARM, HERBERT T. IMANAKA, JIMMY T. IZU, SAMUEL Y. KAKAZU, BILLY G. SOUTHWOOD, EISHIN TENGAN, and THOMAS Y. YANO, Plaintiffs–Appellees, v. EMPLOY-EES' RETIREMENT SYSTEM OF THE STATE OF HAWAII, Defendant–Appellant

NO. 15241

(CIV. NO. 86–3904)

MARCH 3, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

**10**

## OPINION OF THE COURT BY WAKATSUKI, J.

Appellees, retired "educational officers" (principals and vice–principals) of the Department of Education, instituted a class action against Appellant Employees' Retirement System of the State of Hawaii (ERS) seeking declaratory and injunctive relief for losses sustained from alleged violations of Hawaii Revised Statutes (HRS) Chapter 88. Appellees alleged that ERS erroneously calculated their retirement benefits by excluding their "earned summer salaries" from their "high three–years" average final compensation. The trial court entered summary judgment in Appellees' favor.

We vacate the judgment.

### I.

The ERS, as a matter of policy for at least 25 years, has computed average final compensation by characterizing "earned summer salaries" as "salary paid in lieu of vacation," thereby excluding it from the high three–years calculation of average final compensation upon retirement of an educational officer.

Appellees contend that this method of computing retirement benefits was incorrect. The trial court agreed with Appellees and entered summary judgment in their favor. The court held that the lump sum payment of "earned summer salary," paid upon retirement was compensation attributable to the month in which the member of the class retired. The court, therefore, ordered ERS to include such amounts and to recalculate the average final compensation of all members of Appellees' class from October 17, 1984.

Thereafter, the court denied ERS' motion for reconsideration and denied ERS' motion for stay of proceedings.

## II.

ERS contends that the trial court erred in denying its motion to stay proceedings pending an administrative hearing, and consequently failed to afford due deference to ERS' interpretation and implementation of the statutory scheme governing employee retirement benefits.

This court's recent decision in *Hawaii Blind Vendors Association v. Department of Human Services*, 71 Haw. 367, 791 P.2d 1261 (1990), mandates such a conclusion. In this case, a State statute provided for priority treatment of blind or visually handicapped persons in the operation of vending facilities in public buildings. The Department of Human Services (DHS) was given administrative responsibility for adopting rules and implementing the program. Pursuant to this authority, the DHS adopted rules governing the vending facility program which provided for announcement of vacancies to qualified blind persons, application procedures, and full hearings upon vendor complaints.

Subsequently, DHS renewed a long–standing airport lease to an organization comprised of handicapped employees whose handicaps were not limited to vision without providing appropriate notice of vacancy or opportunity to apply for the lease to the blind vendors. The trial court granted summary judgment in favor of DHS.

In reversing and remanding the case to the trial court with directions to remand to the DHS for an administrative hearing, this court concluded that the DHS agency process was the appropriate forum for an initial determination of the issues. The court reasoned:

> Under the doctrine of primary jurisdiction, when a court and an agency have concurrent original jurisdiction to decide issues which have been placed within the special competence of an administrative agency, the judicial process is suspended pending referral of such issues to the administrative body for its views.

*Id.* at 371, 791 P.2d at 1264.

Similarly, in *Kona Old Hawaiian Trails Group ex rel. Serrano v. Lyman*, 69 Haw. 81, 734 P.2d 161 (1987), Kona Old's noncompliance with available administrative remedies resulted in this court's affirmance of the trial court's dismissal of the case pending agency review. The decision was based upon two principal doctrines: (1) primary jurisdiction, and (2) exhaustion of administrative remedies. Both doctrines reflect the deeply rooted principle of comity between courts and administrative agencies. This court held that the doctrine of primary jurisdiction applies

> where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under the regulatory scheme, have been placed within the special competence of an administrative body. When this happens, the judicial process is suspended pending referral of such issues to the administrative body for its views. *In effect, the courts are divested of whatever original jurisdiction they would otherwise possess, and even a seemingly contrary statutory provision will yield to the overriding policy promoted by the doctrine.*

*Id.* at 82, 734 P.2d at 162–63 (emphasis added). The court reasoned that under the principle of primary jurisdiction, "[u]niformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances

underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure." *Id.* at 94, 734 P.2d at 169.

These very same considerations, uniformity and consistency in a specialized agency's administration of the Employees' Retirement System, mandate suspension of the judicial process pending an initial review of the issues by the administrative body. HRS § 88–50 empowers the ERS to promulgate rules and regulations relating to employees' (such as Appellees) retirement benefits. This section provides:

> The board of trustees may fix and determine by rules and regulations how much service in any year is equivalent to a year of service but in no case shall more than one year of service be credited in twelve calendar months, nor shall the board allow credit as service for any period of more than one month's duration during which the employee was absent without pay.

The Legislature has clearly and specifically delegated the authority to determine the amount of service that is equivalent to a "year of service" to the ERS board of trustees. Moreover, the regulations of the ERS also provide for contested case hearings. *See* Section 6–23–1.

Appellees argue that ERS has already concluded a hearing of the case because it informed Appellees of the methodology it used in calculating retirement benefits. However, "it is not enough that a person has been 'aggrieved' by agency action. He also must have participated in a contested case before an administrative agency to acquire standing to challenge the decision in court." *Kona Old Hawaiian Trails Group ex rel. Serrano v. Lyman*, 69 Haw. at 90, 734 P.2d at 167.

The trial court denied ERS' motion for a stay on the ground that ERS was the party who moved for summary judgment in the first instance and only sought a stay of the proceedings after its

summary judgment motion was denied. As a result, Appellees contend that ERS "waived" jurisdiction over the subject matter.

It is well–established, however, that lack of subject matter jurisdiction can never be waived by any party at any time. *In re Application of Rice*, 68 Haw. 334, 713 P.2d 426 (1986). In setting forth the absolute necessity that a court possess subject matter jurisdiction, this court ruled:

> "The lack of jurisdiction over the subject matter cannot be waived by the parties." If the parties do not raise the issue, "a court *sua sponte* will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid." (Citing *Meyer v. Territory*, 36 Haw. 75, 78 (1942)).

*Id.* at 335, 713 P.2d at 427. Moreover, "[s]uch a question is in order at any stage of the case, and though a lower court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction." *Id.*

Thus, the fact that ERS initially moved for summary judgment is completely irrelevant to the determination of whether a stay pending agency action is appropriate. The stay of proceedings pending administrative review involves a jurisdictional issue which can never be waived by any party at any time. *See In re Application of Rice, supra.*

### III.

The trial court's order granting summary judgment is vacated and this case is remanded to the trial court with the direction that the court remand the matter to the ERS for a full and fair administrative hearing.

*Nathan J. Sult* and *James E. T. Koshiba*, of Koshiba & Young, for Defendant–Appellant.

*Charles K. Y. Khim* for Plaintiffs–Appellees.