NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29694

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MARK OYAMA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DTA-08-00218)

SUMMARY DISPOSITION ORDER
(By: Fujise and Leonard, JJ., with
Nakamura, C.J., concurring separately)

Defendant-Appellant Mark Oyama (Oyama) appeals from the February 3, 2009 judgment of conviction for Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (3) (Supp. 2008) and sentenced pursuant to HRS § 291E-61(b)(2) (Supp. 2008) as a highly intoxicated driver entered by the District Court of the Fifth Circuit (district court).[1]

After a careful review of the issue raised, arguments advanced, applicable law, and the record in the instant case, in light of the Hawai'i Supreme Court's opinion in State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), which held that the failure of the charge to allege that the offense took place on a public way, street, road, or highway rendered the charge fatally defective, the complaint in this case, which also lacked this allegation, was deficient. Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180.

A charge that is fatally defective is a nullity and deprives the trial court of subject matter jurisdiction over the prosecution. State v. Cummings, 101 Hawai'i 139, 145, 63 P.3d 1109, 1115 (2003). Although the issue of jurisdiction has not been raised by the parties, the court will nevertheless address

---

[1] The Honorable Trudy K. Senda presided.

the issue "for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid." Meyer v. Territory, 36 Haw. 75, 78 (Haw. Terr. 1942), quoted with approval in In re Application of Rice, 68 Haw. 334, 335, 713 P.2d 426, 427 (1986); see also Tamashiro v. Dep't of Human Servs., State of Hawai'i, 112 Hawai'i 388, 398, 146 P.3d 103, 113 (2006).

We do not reach the issue raised by Oyama on appeal. The disposition of this appeal on the issue of jurisdiction of the district court limits our consideration of the appeal to the correction of the jurisdiction issue. In re Application of Rice, 68 Haw. at 335, 713 P.3d at 427 ("[T]hough a [district] court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction.") (internal quotation marks and citation omitted).

Accordingly, we vacate the February 3, 2009 judgment of conviction of the District Court of the Fifth Circuit and remand for dismissal of the OVUII charge without prejudice.

DATED: Honolulu, Hawai'i, June 24, 2010.

On the briefs:

Mark R. Zenger,
for Defendant-Appellant.

Associate Judge

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Associate Judge