**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000762
13-AUG-2020
07:50 AM**

NO. CAAP-19-0000762


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LO, Plaintiff-Appellant,
v.
NO, Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-1111)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Plaintiff-Appellant LO (**Father**) appeals from the Order Granting in Part Motion for Post-Decree Relief (**Order**) entered by the Family Court of the First Circuit[1] on October 3, 2019.  For the reasons explained below, we affirm the Order.

Father and Defendant-Appellee NO (**Mother**) were married in 2014.  Their child (**Child**) was born in 2015.  Father filed a complaint for divorce in 2016.  A **Divorce Decree** was entered on May 20, 2019.  Mother appealed.  We affirmed.  LO v. NO, No. CAAP-19-0000446, 2020 WL 589201 (Haw. App. Feb. 6, 2020) (mem.).  The supreme court granted Mother's application for writ of certiorari.  LO v. NO, No. SCWC-19-0000446, 2020 WL 2562020 (Haw. May 20, 2020).  That case remains pending in the supreme court.

---

[1]     The Honorable Jessi L.K. Hall presided.

On June 12, 2019, Mother filed the Motion and Declaration for Post-Decree Relief (**Motion**) at issue in this appeal.  The Motion sought, among other relief:

> [Mother] needs [Child]'s passport to travel with the child.  [Father] has utterly refused to cooperate with this matter and must be ordered by this Court to allow a pssport [sic] to be issued.

The family court entered the Order on October 3, 2019.  Father filed a notice of appeal on October 30, 2019.

The family court entered findings of fact and conclusions of law on December 16, 2019.  Father's opening brief does not quote any of the family court's findings of fact urged as error, nor were the findings of fact appended to the brief, as alternatively required by Rule 28(b)(4)(C) of the Hawaiʻi Rules of Appellate Procedure.  Accordingly, the family court's findings of fact are binding on Father and on us.  <u>Kawamata Farms, Inc. v. United Agri Prods.</u>, 86 Hawaiʻi 214, 252, 948 P.2d 1055, 1093 (1997).

Father raises three points of error: (1) the family court erred when it failed to require Mother to mediate before filing the Motion; (2) the family court lacked jurisdiction over the Motion because Mother's appeal from the Divorce Decree was pending; and (3) the family court abused its discretion by ordering Father to cooperate with Child's passport application.

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion.  Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

<u>Fisher v. Fisher</u>, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

**1.**  Father correctly contends that the Divorce Decree required the parties to mediate before filing any post-decree motions "about a major decision concerning the child[.]"  The record on appeal does not contain any indication that Father raised Mother's failure to mediate with the family court.  The

2

issue is waived. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) (holding that legal issues not raised before trial court are deemed waived on appeal).

2. We address Father's challenge to the family court's jurisdiction even though the record does not indicate that Father raised the issue with the family court. Chun v. Emps' Ret. Sys., 73 Haw. 9, 14, 828 P.2d 260, 263 (1992) (noting that a court will consider subject matter jurisdiction even if the parties have not raised the issue, because a judgment entered without subject matter jurisdiction is invalid).

Mother's Motion requested modification of her child visitation rights, enforcement of Father's child support obligations, and an order that Father cooperate to apply for a passport for Child.[2] The family court had jurisdiction over Mother's Motion notwithstanding the pendency of Mother's appeal from the Divorce Decree. See Hawaii Revised Statutes (**HRS**) § 580-47;[3] Hawaiʻi Family Court Rules (**HFCR**) Rule 62.[4]

3. The family court's unchallenged findings of fact were:

> 9. At the continued hearing on [Mother]'s Motion held October 2, 2019, [Mother] sought an order that the

---

[2] The Divorce Decree contained no provision about Child obtaining a passport.

[3] HRS § 580-47(b) (2018) provides, in relevant part:

> The [family] court shall at all times, including during the pendency of any appeal, have the power to grant any and all orders that may be necessary to protect and provide for the support and maintenance of the parties and any children of the parties to secure justice, to compel either party to advance reasonable amounts for the expenses of the appeal including attorney's fees to be incurred by the other party, and to amend and revise such orders from time to time.

[4] HFCR Rule 62(a) provides, in relevant part:

> When an appeal is taken from any judgment relating to the custody or support of a child or spousal support, the court in its discretion may suspend, modify or grant such judgments during the pendency of the appeal upon such terms as it considers proper.

minor child be issued a passport. [Mother] via counsel made it clear that she was not requesting to travel with the minor child at this time.

10.   [Father] did not present any relevant nor compelling grounds for the minor child to not have a passport.

11.   [Father] was informed that the fact of the minor having a passport issued will not require [Father] to agree to any travel in the future.

12.   [Mother] agreed and the Court reiterated that the subject minor cannot leave the country without the express written consent of the parties or by future order of the Court.

13.   [Father] was concerned that if the minor child had a passport, [Mother] would take the minor child to Vietnam.

14.   [Father] was asked if he still objected if he kept the passport in his possession. [Father] stated that he <u>did</u> object[5] and again only due to his concern that [Mother] would take the minor child to Vietnam.

15.   [Mother] understood that just because a passport is ordered to be issued that there was not any promise that any court will ever allow her to take the minor to Vietnam.

(Emphasis and footnote added.) The family court also made the following conclusions of law, which were actually findings of fact:

5.   No evidence was provided to show that obtaining a passport for the minor child would not be in the minor's best interests.

6.   [Mother] has shown that having a passport could be beneficial for the minor child for future use with either parent or as a form of identification for the minor child.

The Order stated, among other things:

Father [is] to cooperate with [Child]'s Passport application process and the US Passport application for the child is to be submitted within 90 days from today. Mother shall pay the costs, and Father is entitled to possess the Passport.

We hold that the family court did not abuse its discretion by entering the Order.

---

[5]   Father's contention that the family court found he "did not object to the passport issuance" is without merit.

4

Based upon the foregoing, the Order Granting in Part Motion for Post-Decree Relief entered by the Family Court of the First Circuit on October 3, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, August 13, 2020.

On the briefs:

Scot Stuart Brower,
for Plaintiff-Appellant.

Michael A. Glenn,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge