**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000838**
**28-DEC-2021**
**08:02 AM**
**Dkt. 93 SO**

NO.  CAAP-16-0000838


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DAIRY ROAD PARTNERS, A HAWAI'I LIMITED PARTNERSHIP,
Appellant-Appellant,
v.
THE MAUI PLANNING COMMISSION, AN AGENCY OF THE COUNTY
OF MAUI, A POLITICAL SUBDIVISION OF THE STATE OF HAWAI'I,
A & B PROPERTIES, INC., A HAWAI'I CORPORATION,
Appellees-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0455 (1))


SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Appellant-Appellant Dairy Road Partners (**DRP**) appeals from (1) the "Order Granting (1) Appellee A&B Properties, Inc.'s Motion for Summary Judgment filed August 2, 2016, and (2) Appellee Maui Planning Commission's Joinder in Appellee A&B Properties, Inc.'s Motion for Summary Judgment filed September 7, 2016" (**Order Granting Summary Judgment and Joinder**); and (2) "Final Judgment" filed on October 27, 2016 (**2016 Final Judgment**), both filed by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On appeal, DRP contends that the Circuit Court erred in granting Appellee-Appellee A&B Properties, Inc.'s (**A&B**) Motion

---

[1]     The Honorable Rhonda I.L. Loo presided.

for Summary Judgment and Appellee-Appellee Maui Planning Commission's (**Planning Commission**) Joinder.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we dismiss this appeal for mootness.

This is the second appeal from the underlying case, for which the pertinent background is as follows.  A&B applied for a Special Management Area Permit (**Permit**) with the County of Maui Planning Department to construct a project (**Project**) on land along Haleakalā Highway in Kahului, Hawaiʻi (**Subject Property**). The Planning Commission scheduled a public hearing on the Permit application to be held on April 26, 2011.  A Notice of Hearing (**Notice**) was published and sent via certified mail pursuant to the Planning Commission rules to all owners and certain lessees within 500 feet of the Subject Property.

On April 25, 2011, DRP, a lessee, filed a Petition to Intervene (**Petition**), asserting that the anticipated traffic from the Project would affect DRP's gas station business (**Dairy Road Property**).

At the April 26, 2011 hearing, the Planning Commission voted to deny the Petition and to approve the Permit; and subsequently entered its July 12, 2011 Findings of Fact, Conclusions of Law, Decision, and Order Denying Dairy Road Partners' Petition to Intervene Filed on April 25, 2011 (**2011 Planning Commission FOF-COL-Order**).

**2011 Appeal to Circuit Court**

On July 21, 2011, DRP appealed the 2011 Planning Commission FOF-COL-Order to the Circuit Court.

On September 7, 2011, A&B filed a Motion to Dismiss Appeal Filed on July 21, 2011, or In the Alternative, For Summary Judgment, arguing that DRP failed to meet its burden in establishing that it was a "person aggrieved" with an actual or

threatened injury, or that such injury was traceable to the Planning Commission's conduct, which the Circuit Court granted. On September 29, 2011, the Circuit Court entered its Order Granting Appellee A&B Properties, Inc.'s Motion to Dismiss Appeal Filed on July 21, 2011, or, In the Alternative, For Summary Judgment (**Order Granting A&B's Motion to Dismiss**), Filed on September 7, 2011.

### 2011 Appeal to Intermediate Court of Appeals

On October 31, 2011, DRP appealed the Circuit Court's Order Granting A&B's Motion to Dismiss. We concluded that DRP had sufficiently established standing based on a declaration by its general partner Glenn Nakamura (**Nakamura**), stating that DRP was likely to suffer declining gasoline sales due to traffic-related issues related to the A&B development project, and thus, was a person aggrieved under Hawaiʻi Revised Statutes (**HRS**) § 91-14. Dairy Rd. Partners v. Maui Planning Comm'n, No. CAAP-11-0000789, 2015 WL 302643, at *4-6 (App. Jan. 23, 2015) (mem.). We explained that:

> [t]here is nothing in the record to suggest why Dairy Road Partners, if it was allowed to intervene, would not or could not find relief for the injury it alleges. Indeed, intervention itself would at least "likely provide relief" by necessarily focusing the agency's attention further on the intervenor's concerns.

Dairy Rd. Partners, 2015 WL 302643, at *6. We vacated and remanded the matter back to Circuit Court.

### 2016 Circuit Court Proceedings on Remand

Upon remand, A&B filed a Motion for Summary Judgment on August 2, 2016, joined by the Planning Commission. A&B challenged DRP's standing, arguing that DRP lost its leasehold interest in the Dairy Road Property through a separate judicial foreclosure proceeding of the lease (**Foreclosure Case**),[2] and thus, DRP had no interest remaining in the case. A&B submitted

---

[2] The foreclosure proceedings were docketed as American Savings Bank, F.S.B. v. Dairy Rd. Partners under Civil No. 2CC131000283.

3

as an exhibit, an Order Granting Plaintiff Maui Gas Ventures LLC's Motion for Confirmation of Sale, For Distribution of Proceeds, For Issuance of Writ of Ejectment/Posession and For Deficiency Judgment as to Defendant Dairy Road Partners Filed March 29, 2016, filed June 21, 2016 (**Foreclosure Order**).

In its Opposition, DRP argued that summary judgment was "procedurally improper" in an administrative appeal to the Circuit Court and that it was improper for the Circuit Court to consider the Foreclosure Order.  DRP did not address the Foreclosure Case or the Foreclosure Order in its Opposition.

The Circuit Court held a hearing on the Motion for Summary Judgment on September 15, 2016.  At the close of the hearing, the Circuit Court ruled that,

> Diary [sic] Road Partners standing, as an agreed [sic] party due to traffic concerns, arose from its leasehold interest.  That interest no longer exists.  Diary [sic] Road Partners does not dispute that it lot -- lost its leasehold interest in the subject property.
>
> Therefore, while standing may have existed previously, the Court is finding that Diary [sic] Road Partners no longer has standing to challenge SMA permit.

On October 10, 2016, the Circuit Court entered its Order Granting Summary Judgment and Joinder.  On October 27, 2016, the Circuit Court entered its Final Judgment.

This timely appeal followed.

**Concurrent Foreclosure Case (2CC131000283)**

As mentioned supra, starting in 2013, the Subject Property was involved in foreclosure proceedings in a separate case, American Savings Bank, F.S.B. v. Dairy Rd. Partners, Civil No. 2CC131000283.[3]  The parties in the Foreclosure Case were plaintiff American Savings Bank, F.S.B. (**American Savings**) and defendants DRP and general partner Nakamura.  On January 12, 2015, Maui Gas Ventures LLC (**Maui Gas Ventures**) filed a Notice and Substitution of [Maui Gas Ventures] as  Real Party in

---

[3]     The Honorable Joseph E. Cardoza presided.

4

Interest for [American Savings], to substitute Maui Gas Ventures for American Savings as the real party in interest.  <u>Maui Gas Ventures LLC v. Dairy Rd. Partners</u>, No. CAAP-16-0000136, 2018 WL 2316509, at *1 (App. May 22, 2018) (mem.).[4]  Throughout the Foreclosure Case, judgments were entered in favor of Maui Gas Ventures and against DRP.  At the conclusion of the Foreclosure Case, Maui Gas Ventures purchased the Subject Property.  DRP appealed these judgments in a consolidated appeal that included, *inter alia*, a series of orders granting summary judgment, sale of the property, confirmation of sale, distribution of proceeds, writ of ejectment/possession, and a deficiency judgment.

On May 22, 2018, this court issued its Memorandum Opinion affirming the judgments entered by the Circuit Court in the Foreclosure Case.  <u>Maui Gas Ventures LLC</u>, 2018 WL 2316509, at *4.

### Current Appellate Proceedings

In its Opening Brief, DRP contends, *inter alia*,[5] that the Circuit Court erred in deciding a motion for summary judgment in an administrative appeal, and erred in holding that it did not have subject matter jurisdiction because, at the time of filing its Opening Brief, DRP had supplied a declaration that it had been at the Subject Property since 1985.  DRP argues that while

---

[4]     We have discretion to take judicial notice "where the equity of the situation dictates" and may take judicial notice of court records which are not part of the record on appeal.  <u>State v. Kwong</u>, 149 Hawaiʻi 106, 117, 482 P.3d 1067, 1078 (2021) (quoting <u>Eli v. State</u>, 63 Haw. 474, 478, 630 P.2d 113, 116 (1981)).

[5]     Specifically, DRP contends that:  (1) the Circuit Court erred in deciding a motion for summary judgment in an administrative appeal to the Circuit Court, where HRS § 94-14(b) states in pertinent part that an appeal to the [C]ircuit [C]ourt "shall be treated in the same manner as an appeal from the Circuit Court to the intermediate appellate court;" (2) the Circuit Court erred in holding on a motion for summary judgment that the Circuit Court had no subject-matter jurisdiction; (3) the Circuit Court erred in holding on a motion for summary judgment that the Planning Commission correctly denied DRP's Petition by finding there was no good cause to excuse DRP's untimely filing where the notice of hearing was mailed in accordance with Planning Commission Rule; and (4) the Circuit Court erred in holding on a motion for summary judgment that the Commission correctly denied DRP's Petition by finding that DRP was not entitled to be mailed a notice of hearing where the Dairy Road Property was located more than 500 feet from the Subject Property.

the Foreclosure Order states, "[U]pon closing of escrow . . . the Purchaser or his written nominee shall be entitled to immediate and exclusive possession of the Mortgaged Property," there is nothing in the record to indicate that the purchaser of the Lease has immediate and exclusive possession of the Subject Property. DRP argues that, at the time of filing its OB, as the Foreclosure Order was under appeal, the "record on appeal therefore continues to support DRP's standing" as an "aggrieved person" pursuant to our Memorandum Opinion in Dairy Rd. Partners, 2015 WL 302643, at *6.

A&B argues that DRP lacks standing to appeal as a "person aggrieved" based on DRP's leasehold interest in the Dairy Road Property and the "allegedly adverse effect that the Project would have on traffic."  A&B requests that this court take judicial notice of the Foreclosure Case and its then-pending appeal.  A&B asserts that DRP lost its leasehold interest through the Foreclosure Case, a fact that is undisputed by DRP.  A&B states, "The leasehold interest was sold, the purchaser was granted 'immediate and exclusive possession' of the Dairy Road Property and DRP's interest in the Property was 'forever barred and foreclosed.'"  A&B argues that even if the Foreclosure Case has been appealed, the appeal makes no difference because DRP did not obtain a stay of enforcement of the Foreclosure Order and Judgment pending appeal in this case.

In light of the reference to the Foreclosure Order and Foreclosure Case in both parties' briefs, on September 7, 2021, we issued an Order to Show Cause (**OSC**) to provide the parties an opportunity to explain why, given DRP losing its leasehold interest in the Subject Property, this appeal should not be dismissed for mootness and lack of subject matter jurisdiction.

**Mootness**

"It is axiomatic that mootness is an issue of subject matter jurisdiction.  Whether a court possesses subject matter jurisdiction is a question of law reviewable *de novo*."  Kaleikini

v. Thielen, 124 Hawaiʻi 1, 12, 237 P.3d 1067, 1078 (2010) (quoting Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4-5, 193 P.3d 839, 842-43 (2008)).  "[I]f the parties do not raise the issue of a lack of subject matter jurisdiction," this court will raise it sua sponte.  Kapuwai v. City & Cty. of Honolulu Dep't of Parks & Recreation, 121 Hawaiʻi 33, 40, 211 P.3d 750, 757 (2009) (quoting Tamashiro v. Dep't of Human Servs., State of Hawaiʻi, 112 Hawaiʻi 388, 389, 146 P.3d 103, 113 (2006)); see also Sierra Club v. Castle & Cooke Homes Hawaii, Inc., 132 Hawaiʻi 184, 190 n.13, 320 P.3d 849, 855 n.13 (2013) (citing Chun v. Employees' Ret. Sys. of the State of Hawaii, 73 Haw. 9, 13, 828 P.2d 260, 263 (1992)).

The parties filed timely responses to the OSC.  In its Response to our OSC, DRP contends that this appeal should not be dismissed for mootness for several reasons.  First, DRP argues that it has standing and is still considered an "aggrieved person" pursuant to HRS § 91-14 and as recognized by this court in Dairy Rd. Partners, 2015 WL 302643, at *4-6.  Second, DRP argues that there is no authority holding that once an aggrieved person has become entitled to judicial review under HRS § 91-14, that subsequent events, such as the Foreclosure Case, can render an appeal moot.  Third, DRP argues that if a foreclosure of its leasehold interest caused DRP to lose its standing as an "aggrieved person" to appeal under HRS § 91-14(a), it "would be improper, particularly since DRP's appeal to the circuit court is from a denial of a petition to intervene rather than from the dismissal of a lawsuit."  DRP does not provide authority to support its third argument.  DRP also did not address the mootness doctrine, nor any of the exceptions to the mootness doctrine.  We may disregard a "particular contention if the appellant makes no discernible argument in support of that position."  Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 478-79, 164 P.3d 696, 736-37 (2007) (citation omitted).

A&B argues that mootness applies to contested case appeals under HRS § 91-14 and that the appeal is moot because DRP's leasehold interest is foreclosed.  Planning Commission argues that dismissal for lack of appellate jurisdiction is appropriate under the authorities cited by this court.

**DRP's appeal is moot because relief is no longer available to DRP.**

DRP argues that there is no authority holding that subsequent events can make relief no longer available to an aggrieved person entitled to judicial review of the Planning Commission's decision pursuant to HRS § 91-14.  DRP claims that:

> [T]he actualization of the very harm DRP's general partner predicted would result from [A&B]'s development project and that served as the basis for the ICA finding injury-in-fact - a further reduction in gasoline sales because regular customers are avoiding traffic on the road fronting DRP's station (which in turn has resulted in DRP defaulting on its mortgage and being foreclosed upon) – is now a new basis to argue that DRP no longer has standing to appeal the Commission's decision denying DRP's Petition . . . .

DRP's argument, however, does not address how this court is able to grant effective relief if DRP does not have an interest in the Subject Property that was the subject of its Petition to the Planning Commission.  See Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 366, 400 P.3d 559, 567 (2017) (quoting Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007)) ("A case is moot if the reviewing court can no longer grant effective relief.")(brackets omitted).

> [A] case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where events have so affected the relations between the parties that the two conditions of justiciability relevant on appeal—adverse interest and effective remedy—have been compromised.

R. Onaga, Inc., 140 Hawaiʻi at 365, 400 P.3d at 566 (brackets in original) (quoting Okada Trucking Co., Ltd. v. Bd. of Water Supply, 99 Hawaiʻi 191, 195-96, 53 P.3d 799, 803-04 (2002)).  Thus, if an event occurs that renders it impossible for an appellate court to grant an appellant "any effectual relief

whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." City Bank v. Saje Ventures II, 7 Haw. App. 130, 134, 748 P.2d 812, 815 (1988) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).

Our courts have recognized that the sale of a subject property during the pendency of an appeal renders an appeal moot, as no effective relief may be granted by the court. Lathrop v. Sakatani, 111 Hawaiʻi 307, 313, 141 P.3d 480, 486 (2006). Further, it is the "appellant's burden to seek a stay if post-appeal transactions could render the appeal moot." Id. (quoting In re Gotcha Int'l L.P., 311 B.R. 250, 255 (B.A.P. 9th Cir. 2004)).

Here, it is apparent from the record that we do not have the ability to grant DRP effective relief if this case is vacated and remanded to the Circuit Court for judicial review pursuant to HRS § 91-14.  It is undisputed by DRP that its leasehold interest in the Subject Property was sold in the Foreclosure Case.  Instead, DRP bases its argument on the fact that it was still in possession of the property as of the filing of its Opening Brief in 2017.  However, the confirmation of sale and its accompanying judgments in the Foreclosure Case, including a writ of ejectment/posession, were affirmed on appeal by this court in 2018.  As the judgment was affirmed, possession was granted to Maui Gas Ventures, the purchaser of the Lease, and DRP is without possession of the property.  As DRP did not attempt to obtain a stay of proceedings to enforce the judgment pending appeal, it lost possession upon entry of the 2016 Final Judgment. See R. Onaga, Inc., 140 Hawaiʻi at 367, 400 P.3d at 568; Lathrop, 111 Hawaiʻi at 313, 141 P.3d at 486.

Even if this court found that DRP had standing in the 2011 Appeal, because the Foreclosure Case and its subsequent appeal were affirmed and have since concluded, and DRP has since lost the Lease and possession of the property, there is no effective remedy that can be granted to DRP in this case.  See

Lathrop, 111 Hawaiʻi at 313, 141 P.3d at 486.  If this court vacates and remands the instant case for judicial review by the Circuit Court, the Circuit Court will be left to decide whether the Planning Commission should have granted DRP's Petition under circumstances where DRP no longer possesses the Subject Property. See R. Onaga, Inc., 140 Hawaiʻi at 366, 400 P.3d at 567.  As the conditions of justiciability relevant on appeal of "adverse interest and effective remedy" are no longer present, we conclude that this case must be dismissed as moot.[6]  R. Onaga, Inc., 140 Hawaiʻi at 365, 400 P.3d at 566; see Saje Ventures II, 7 Haw. App. at 134, 748 P.2d at 815.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed.

DATED:  Honolulu, Hawaiʻi, December 28, 2021.

On the briefs:

Frederick W. Rohlfing III
(Case Lombardi & Pettit)
for Appellant-Appellant

Calvert G. Chipchase
(Cades Schutte)
for Appellee-Appellee
A & B Properties, Inc.

Kristin K. Tarnstrom
Deputy Corporation Counsel
County of Maui
for Appellee-Appellee
Maui Planning Commission

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[6]     The Hawaiʻi Supreme Court has recognized three exceptions to the mootness doctrine:  (1) the "capable of repetition, yet evading review" exception; (2) the public interest exception; and (3) the "collateral consequences" exception.  Hamilton ex rel. Lethem, 119 Hawaiʻi at 5, 7-10, 193 P.3d at 843, 845-48; Flores v. Ballard, 149 Hawaiʻi 81, 88 n.7, 482 P.3d 544, 551 n.7 (App. 2021), cert. granted, SCWC-19-0000841, 2021 WL 2555639 (Haw. June 22, 2021).  DRP did not address any of these exceptions in its OSC Response, and they are waived.  See Hawaii Ventures, 114 Hawaiʻi at 478-79, 164 P.3d at 736-37.